IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IN RE: | CASE NO. 5:09-cv-05831 EJD |
| DONALD CHARLES SCHWARTZ, | (Appeal from Wasney v. Schwartz (In re Donald Charles Schwartz), Bankr. N.D. Cal. (San Jose) Case No. 08-55102, Adv. No. 09-5206) |
| Debtor. | |
| DAVID A. WASNEY, SR., | Adv. Proc. No. 09-05206 |
| Plaintiff(s)/Appellant(s), | **ORDER GRANTING PLAINTIFF'S MOTION TO REMAND** |
| v. | |
| DONALD CHARLES SCHWARTZ, | [Docket Item No. 12] |
| Defendant(s)/Respondent(s). | |

Within this bankruptcy appeal, presently before the court is Plaintiff David A. Wasney, Sr.'s ("Wasney") Motion to Remand an action removed to this court by Defendant Donald Charles Schwartz ("Schwartz"). See Docket Item No. 12. Having carefully considered the papers filed by both parties for this matter, the court finds that Wasney's motion should be granted for the reasons stated below.

**I.   BACKGROUND**

This motion is the latest event in ongoing litigation between Wasney and his former attorney, Schwartz. On September 17, 2007, Wasney filed a Complaint against Schwartz in Santa Cruz County Superior Court for professional negligence, breach of contract, and fraud. See Docket Item

No. 26, at Ex. A.[1]  Schwartz filed a Cross-Complaint within the state court action against Wasney for negligence, fraudulent misrepresentation, breach of contract, quantum meruit, declaratory relief, violation California Business and Professions Code § 17200, and violation of the Racketeer Influenced Corrupt Organizations Act ("RICO").  See id., at Ex. C.  Schwartz's wife, Elizabeth Marani-Schwartz, was eventually added as a defendant to Wasney's state court action.  See Decl. of Klaus J. Kolb, Docket Item No. 12, at ¶ 4.

Thereafter, both Schwartz and Marani filed for personal bankruptcy protection, but state court activity on the Cross-Complaint continued.  See id., at ¶¶ 3-5.  Wasney filed a motion against Schwartz to deem requests for admission admitted and for sanctions.  See id., at ¶ 5.  The motion was never heard, however, because Schwartz filed a Notice of Removal, thereby bringing the state court action before the bankruptcy court.  See id.  The bankruptcy court eventually remanded the entire action back to state court.  See id., at ¶ 7.

Wasney renoticed the discovery motion in state court, but Schwartz removed the Cross-Complaint for second time on July 7, 2011.  See Not. of Removal, Docket Item No. 12.  Once back in federal court, Wasney filed the instant Motion to Remand.

## II.   DISCUSSION

Removal jurisdiction is a creation of statute.  See Libhart v. Santa Monica Dairy Co., 592 F.2d 1062, 1064 (9th Cir. 1979) ("The removal jurisdiction of the federal courts is derived entirely from the statutory authorization of Congress.").  Only those state court actions that could have been originally filed in federal court may be removed.  28 U.S.C. § 1441(a) ("Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant."); see also, e.g., Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987) ("Only state-court actions that originally could have been filed in federal court may be removed to federal court by defendant.").  Accordingly, the removal statute provides two basic ways in which a state court action may be

---

[1] The court takes judicial notice of court documents to the extent they are referenced herein. The parties' respective requests for judicial notice are granted accordingly.  Fed. R. Evid. 201; see also Reusser v. Wachovia Bank, N.A., 525 F.3d 855, 857 n.1 (9th Cir. 2008).

removed to federal court: (1) the case presents a federal question, or (2) the case is between citizens of different states. 28 U.S.C. §§ 1441(a), (b).

Pursuant to the bankruptcy removal statute - 28 U.S.C. § 1452 - "[a] party may remove any claim or cause of action in a civil action . . . to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under [28 U.S.C. § 1334]." 28 U.S.C. § 1452(a). Federal courts have original jurisdiction over cases which are 'related to' bankruptcy proceedings. 28 U.S.C. § 1334(b). The "Ninth Circuit has adopted the 'Pacor test' for determining the scope of 'related to' jurisdiction." In re Pegasus Gold Corp., 394 F.3d 1189, 1193 (9th Cir. 2005). Under this test, 'related to' jurisdiction exists over any case "where the outcome could conceivably have any effect on the estate being administered in bankruptcy." Id.

The bankruptcy removal statute also provides for the remand of civil actions. "The court to which such claim or cause of action is removed may remand such claim or cause of action on any equitable ground." 28 U.S.C. § 1452(b). Seven factors relevant to a remand determination have been identified: "(1) the effect of the action on the administration of the bankruptcy estate; (2) the extent to which issues of state law predominate; (3) the difficulty of applicable state law; (4) comity; (5) the relatedness of the action to the bankruptcy case; (6) any jury trial right; and (7) prejudice to plaintiffs from removal." Hopkins v. Plant Insulation Co., 349 B.R. 805, 813 (N.D. Cal. 2006).

As with remand motions based on other statutes, the party seeking removal must bear the burden to establish the basis for federal jurisdiction. See Emrich v. Touche Ross & Co., 846 F.2d 1190, 1195 (9th Cir. 1988).

Here, the Notice of Removal asserts that Wasney's state court action and Schwartz's related cross-action are 'related to' the adversary proceeding commenced by Wasney within Schwartz's personal bankruptcy case. However, whether the state court actions qualify as actions 'related to' the bankruptcy case is no longer the operative question because the relevant factors for consideration under § 1452(b) each support an equitable remand.

The first relevant factor is the effect of this action on the estate in bankruptcy. It does not appear that Schwartz's Cross-Complaint can have any further effect on the administration of the

3
CASE NO. 5:09-cv-05831 EJD
ORDER GRANTING PLAINTIFF'S MOTION TO REMAND

bankruptcy estate, considering it has been abandoned by the trustee. See Order Granting Debtor's Motion to Compel Abandonment of Cross Complaint, Docket Item No. 16, at Ex. A. "'Abandonment' . . . is the formal relinquishment of the property at issue from the bankruptcy estate. Upon abandonment, the debtor's interest in the property is restored nunc pro tunc as of the filing of the bankruptcy petition." Catalano v. C.I.R., 279 F.3d 682, 685 (9th Cir. 2002). Schwartz can now pursue the action in his own stead without the need for the trustee's involvement, or that of the bankruptcy court.

Second, and perhaps most importantly, state law issues clearly predominate the entire action. Without doubt, the state court is "better able to hear and determine a suit involving questions of state law than is a bankruptcy court." W. Helicopters, Inc. v. Hiller Aviation, Inc., 97 B.R. 1, 6 (E.D. Cal. 1988). A suit not based in federal law and only tangentially related to a pending bankruptcy should be remanded to the more experienced state forum for reasons of comity and pragmatism. See Baxter Healthcare Corp. v. Hemex Liquidation Trust, 132 B.R. 863, 868 (N.D. Ill. 1991). Congress has "made it plain that, in respect to noncore proceedings . . . (i.e., cases which assert purely state law causes of actions), the federal courts should not rush to usurp the traditional precincts of the state court." Scherer v. Carroll, 150 B.R. 549, 552 (D. Vt. 1992). In this case only one cause of action asserted in the Cross-Complaint arises under federal law.[2] The presence of that sole claim, however, does not affect the wisdom of preserving for the state court those cases that rely almost entirely on issue of state law. Such wisdom applies here. Moreover, neither party argues this is a core proceeding, and considering the abandonment by the trustee, any relation to the bankruptcy matter is now tangential at best.

It was Schwartz's burden to support a federal forum. He has not done so. Thus, the court

---

[2] This, however, does not render the removal proper under the more general statute, 28 U.S.C. § 1441. See Takeda v. Nw. Nat'l Life Ins. Co., 765 F.2d 815, 822 (9th Cir. 1985) ("We have held that removability cannot be created by defendant pleading a counter-claim presenting a federal question. . . ." (internal quotations omitted)). And even if it was, the court may still remand the action under § 1452(b) on equitable grounds. Hopkins, 349 B.R. at 813 ("Any court to which a bankruptcy-related claim 'is removed' may remand the claim on equitable grounds. The statute does not limit itself to claims removed solely under section 1452(a). Thus under the plain meaning of the statute, claims removed under section 1441, over which the district court also has removal jurisdiction under sections 1452(a) and 1334, may be remanded on equitable grounds.").

4
CASE NO. 5:09-cv-05831 EJD
ORDER GRANTING PLAINTIFF'S MOTION TO REMAND

1  finds that equitable grounds compel the Cross-Complaint be returned to the superior court.
2  Plaintiff's motion will therefore be granted.
3      Although the court does not condone Schwartz's conduct here, the request for sanctions
4  under Federal Rule of Civil Procedure 11 is denied.  Schwartz is notified, however, that sanctions
5  may be imposed should this court again encounter a removal similar to the one addressed herein.

### III.  ORDER

7      Based on the foregoing, Wasney's Motion to Remand is GRANTED.  The clerk shall remand
8  the entire state court action, entitled David A. Wasney, Sr. v. Donald C. Schwartz, et. al., and related
9  cross-complaint (Docket Item No. 11) to Santa Cruz County Superior Court.

**IT IS SO ORDERED.**

Dated:  March 15, 2012



EDWARD J. DAVILA
United States District Judge

5
CASE NO. 5:09-cv-05831 EJD
ORDER GRANTING PLAINTIFF'S MOTION TO REMAND