1
2
3
4
5
6

7          IN THE UNITED STATES DISTRICT COURT

8        FOR THE NORTHERN DISTRICT OF CALIFORNIA

9                 SAN JOSE DIVISION

10  IN RE:                                CASE NO. 5:09-cv-05831 EJD

11  DONALD CHARLES SCHWARTZ,              (Appeal from Wasney v. Schwartz (In re
                                          Donald Charles Schwartz), Bankr. N.D. Cal.
12          Debtor.                       (San Jose) Case No. 08-55102, Adv. No. 09-
                                          5206)
    _____/
13
    DAVID A. WASNEY, SR.,                 **ORDER AFFIRMING DECISION OF
14                                        BANKRUPTCY COURT**
                Appellant(s),
15      v.

16  DONALD CHARLES SCHWARTZ,

17
                Respondent(s).
18  _____/

19        In another chapter of litigation between these two individuals, Appellant David A. Wasney,

20  Sr. ("Appellant") appeals to the district court an order of the bankruptcy court dismissing pursuant

21  Federal Rule of Bankruptcy Procedure ("FRBP") 12(b) and Federal Rule of Civil Procedure

22  ("FRCP") 12(b)(6) an adversary complaint filed against Respondent Donald Charles Schwartz

23  ("Respondent").  This court has jurisdiction under 28 U.S.C. § 158 and, for the following reasons,

24  affirms the order of the bankruptcy court.

25                  **I.    FACTUAL AND PROCEDURAL BACKGROUND**

26        The basic facts are undisputed.  Respondent commenced a proceeding under Chapter 11 of

27  the Bankruptcy Code on September 11, 2008.  The Chapter 11 case was converted to a Chapter 7

28  case on May 8, 2009.  On May 12, 2009, the court notified all parties, including Appellant, that the

United States District Court
For the Northern District of California

1

1   meeting of creditors under 11 U.S.C. § 341 was scheduled for June 12, 2009.  Based on that

2   meeting, the bar date for commencing adversary actions under 11 U.S.C. § 523(c) was August 11,

3   2009, according to the provisions of FRBP 4007(c).

4        On August 12, 2009 - one day after the bar date - Appellant filed an adversary complaint

5   against Respondent alleging that certain debts were non-dischargeable pursuant to subsections

6   (a)(2)(A), (a)(4) and (a)(6) of 11 U.S.C. §§ 523.  Appellant did not request an extension from the

7   bankruptcy court prior to the expiration of the bar date.

8        On September 22, 2009, Respondent moved to dismiss Appellant's adversary complaint as

9   untimely.  In opposition to the motion, Appellant argued for equitable tolling of the bar date.  In

10   support of that argument, Appellant's Counsel, Klaus J. Kolb ("Kolb"), stated in a declaration that

11   he does not normally practice in bankruptcy court and but agreed to represent Appellant with the

12   assistance of advisory counsel.

13        Kolb was told by advisory counsel that he could file an adversary complaint in the

14   bankruptcy court by fax.  Kolb also believed he could electronically file the complaint because he

15   was subscribed the federal courts' PACER service.  In addition, Kolb believed the bankruptcy court

16   allowed filing via an after-hours drop box due to a statement he read on what he thought at the time

17   was the bankruptcy court's website.

18        Kolb prepared a draft of the adversary complaint on August 10, 2009, but wanted advisory

19   counsel to review it before it was filed.  This review was completed shortly after noon on August 11,

20   2009.  At approximately 1:30 p.m., Kolb discovered that he could not file the complaint by fax

21   contrary to what he was previously told.  He instructed his assistant to contact the bankruptcy court,

22   which confirmed that Kolb could not file the complaint by fax and could not use his PACER account

23   to file the complaint electronically.

24        In an effort to file the complaint in person, Kolb left his office in Sacramento at 2:00 p.m. to

25   drive to the bankruptcy court in San Jose.  He arrived in San Jose at 4:20 p.m. but was further

26   delayed by traffic.  Kolb arrived at the doors of the courthouse at 4:42 p.m., but was refused entry to

27   the building.  He asked security personnel about the after-hours drop box, but was informed that the

28   bankruptcy court did not have one for use.  He later learned that he had reviewed the drop box

2

CASE NO. 5:09-cv-05831 EJD
ORDER AFFIRMING DECISION OF BANKRUPTCY COURT

information on the *district court's* website rather than the *bankruptcy court's* website.

With no option for filing in San Jose, Kolb returned to his office in Sacramento and sent the complaint to the bankruptcy court by express mail. This resulted in a filing date of August 12, 2012.

The bankruptcy court heard Respondent's motion to dismiss on October 22, 2009, and issued a detailed oral decision on November 23, 2009. After recounting the facts, the court found that Appellant had not shown a basis for equitable tolling and granted the motion to dismiss. A written order was entered on November 30, 2009. This timely appeal followed.

## II.   STANDARD OF REVIEW

In an appeal from the bankruptcy court, "findings of fact are reviewed under the clearly erroneous standard, and conclusions of law, de novo." In re Tucson Estates, Inc., 912 F.2d 1162, 1166 (9th Cir. 1990). A ruling from the bankruptcy court dismissing an adversary complaint pursuant to FRBP 7012(b) and FRCP 12(b)(6) for failure to state a claim is a ruling on a question of law. See Emrich v. Touche Ross & Co., 846 F.2d 1190, 1198 (9th Cir. 1988).

The bankruptcy court's decision to dismiss with prejudice is reviewed for abuse of discretion. Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003).[1]

## III.   DISCUSSION

Appellant assigns error to the bankruptcy court's determination that his adversary complaint should be dismissed with prejudice pursuant to FRBP 12(b) and FRCP 12(b)(6) because it was untimely under Federal Rule of Bankruptcy 4007(c). Resolution of this appeal therefore requires consideration of civil pleading standards as well as bankruptcy procedure.

---

[1] Neither the bankruptcy court's oral ruling nor the ensuing written order granting Respondent's motion to dismiss specified whether the dismissal was with or without prejudice. "Courts have held that, unless otherwise specified, a dismissal for failure to state a claim under Rule 12(b)(6) is presumed to be both a judgment on the merits and to be rendered with prejudice." McLean v. United States, 566 F.3d 391, 396 (4th Cir. 2009) (citing Federated Dep't Stores, Inc. v. Moitie, 452 U.S. 394, 399 n.3 (1981)). Thus, in the absence of specific directive to the contrary, this court presumes the bankruptcy court intended to enter a dismissal with prejudice. This determination clarifies both the scope of this court's review as well as a potential issue of appealability. WMX Techs. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) ("[A] plaintiff, who has been given leave to amend, may not file a notice of appeal simply because he does not choose to file an amended complaint.").

3

United States District Court
For the Northern District of California

1

2      **A.      FRCP 12(b)(6)**

3          The Federal Rules of Civil Procedure apply in bankruptcy proceedings.  Fed. R.

4    Bankr. P. 7003.  Relevant here is the application of two of those rules routinely applied by the

5    district court when assessing pleadings: FRCP 8, applied to bankruptcy thorough FRBP 7008, and

6    FRCP 12(b)(6), applied through FRBP 7012(b).

7          FRCP 8(a) requires a plaintiff, or in this case a creditor, to plead each claim with sufficient

8    specificity to "give the defendant fair notice of what the . . . claim is and the grounds upon which it

9    rests." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal quotations omitted).  A

10   complaint which falls short of the Rule 8(a) standard may be dismissed pursuant to FRCP 12(b)(6) if

11   it fails to state a claim upon which relief can be granted.  Fed. R. Civ. P. 12(b)(6).  "Dismissal under

12   Rule 12(b)(6) is appropriate only where the complaint lacks a cognizable legal theory or sufficient

13   facts to support a cognizable legal theory." Mendiondo v. Centinela Hosp. Med. Ctr., 521 F.3d

14   1097, 1104 (9th Cir. 2008).  Moreover, the factual allegations "must be enough to raise a right to

15   relief above the speculative level" such that the claim "is plausible on its face." Twombly, 550 U.S.

16   at 556-57.

17         When deciding whether to grant a motion under FRCP 12(b)(6), the court generally "may not

18   consider any material beyond the pleadings." Hal Roach Studios, Inc. v. Richard Feiner & Co., 896

19   F.2d 1542, 1555 n. 19 (9th Cir. 1990).  The court must accept as true all "well-pleaded factual

20   allegations." Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1950 (2009).  The court must also

21   construe the alleged facts in the light most favorable to the plaintiff. Love v. United States, 915 F.2d

22   1242, 1245 (9th Cir. 1988).  However, the court may consider material submitted as part of the

23   complaint or relied upon in the complaint, and may also consider material subject to judicial notice.

24   See Lee v. City of Los Angeles, 250 F.3d 668, 688-69 (9th Cir. 2001).  "[Material which is properly

25   submitted as part of the complaint may be considered." Twombly, 550 U.S. at 555.  But "courts are

26   not bound to accept as true a legal conclusion couched as a factual allegation." Id.

27     **B.      11 U.S.C. § 523 and FRBP 4007**

28         In bankruptcy, debts "for money, property, services, or an extension, renewal, or refinancing

CASE NO. 5:09-cv-05831 EJD
ORDER AFFIRMING DECISION OF BANKRUPTCY COURT

*United States District Court*
For the Northern District of California

United States District Court
For the Northern District of California

1  of credit" are non-dischargeable if obtained by "false pretenses, a false representation, or actual

2  fraud." 11 U.S.C. § 523(a)(2)(A). Also non-dischargeable are debts for "fraud or defalcation while

3  acting in a fiduciary capacity, embezzlement, or larceny" and debts for "willful and malicious injury

4  by the debtor to another entity or to the property of another entity." 11 U.S.C. §§ 523(a)(4), (a)(6).

5        Determinations of non-dischargeability pursuant to § 523(a) are made pursuant to an

6  adversary complaint initiated by the creditor or debtor within the debtor's bankruptcy case. See 11

7  U.S.C. § 523(c) ("[T]he debtor shall be discharged from a debt of a kind specified in paragraph (2),

8  (4), or (6) of subsection (a) of this section, unless, on request of the creditor to whom such debt is

9  owed, and after notice and a hearing, the court determines such debt to be excepted from discharge

10  under paragraph (2), (4), or (6), as the case may be, of subsection (a) of this section."); see also Fed.

11  R. Bankr. P. 4007(a). These complaints are subject to a specific filing timeline: "a complaint to

12  determine the dischargeability of a debt under § 523(c) shall be filed no later than 60 days after the

13  first date set for the meeting of creditors under § 341(a)." Fed. R. Bankr. P. 4007(c). The Rule

14  4007(c) bar date may be extended, however, "[o]n motion of a party in interest, after hearing on

15  notice . . . ." Id. But the motion must be filed before expiration of the time allowed for initiating the

16  adversary proceeding. Id.

17        Much like an ordinary statute of limitations, the bar date dictated by Rule 4007(c) is not

18  jurisdictional. Kontrick v. Ryan, 540 U.S. 443, 454 (2004) ("In short, the filing deadlines prescribed

19  in Bankruptcy Rules 4004 and 9006(b)(3) are claim-processing rules that do not delineate what

20  cases bankruptcy courts are competent to adjudicate."). However, "[t]he Ninth Circuit views the

21  4007(c) bar date as a virtually inflexible filing limitation. "Rule 4007 imposes a strict 60-day time

22  limit for filing complaints to determine dischargeability of debts listed in § 523(c)." Allred v.

23  Kennerley (In re Kennerley), 995 F.2d 145, 146 (9th Cir. 1993); see also Jones v. Hill (In re Hill),

24  811 F.2d 484, 486-87 (9th Cir. 1987)). "Absent a motion to extend, the date, once set, does not

25  change." Anwiler v. Patchett (In re Anwiler), 958 F.2d 925, 927 (9th Cir. 1992).

26        In this Circuit, exceptions to the deadline imposed by 4007(c) are very few, if they exist at

27  all. "[A]lthough courts within the Ninth Circuit have indicated in dicta that there is an exception to

28  Rule 4007(c)'s time limit for 'unique' or 'extraordinary' circumstances, the validity of the doctrine

1   remains doubtful." In re Kennerley, 995 F.2d at 147.  Indeed, any equitable exception to the bar

2   date "appears to be limited to situations where a court *explicitly misleads* a party."  Id. at 148

3   (emphasis preserved).

**C.    Application**

5   Appellant does not dispute that his adversary complaint was untimely.  Appellant also does

6   not argue that he made a compliant request to extend the deadline before its expiration.  He instead

7   contends that the Rule 4007(c) bar date should have been tolled, or at least a determination on that

8   issue postponed, because Kolb was misled by certain information on the bankruptcy court's website.

9   He believes this constitutes the type of 'unique' or 'extraordinary' circumstances sufficient to toll

10  the filing deadline.

11  The court first addresses Appellant's argument concerning the applicability of dismissal

12  under FRBP 7012 and FRCP 12(b)(6).  Appellant believes the bankruptcy court was precluded from

13  deciding his request for an equitable extension without converting the motion to dismiss into a

14  motion for summary judgment under FRCP 56 because "equitable tolling depends on matters

15  outside the pleadings, so it is rarely appropriate to grant a Rule 12(b)(6) motion to dismiss (where

16  review is limited to the complaint) if equitable tolling is at issue."  Huynh v. Chase Manhattan Bank,

17  465 F.3d 992, 1003-1004 (9th Cir. 2006) (citing Supermail Cargo, Inc. v. United States, 68 F.3d

18  1204, 1206 (9th Cir. 1995)).

19  As this court sees it, Appellant misframes the issue in relying on equitable tolling - at least in

20  this circuit - because equitable tolling in its traditional sense cannot be applied to extend the 4007(c)

21  bar date.  Schunk v. Santos (In re Santos), 112 B.R. 1001, 1006 (B.A.P. 9th Cir. 1990) ("[W]e

22  believe that the plain language of these rules precludes the application of the doctrine of equitable

23  tolling.").[2]

24  It is therefore apparent that the actual question presented by this appeal is whether Appellant

25

26  [2] The court declines Appellant's invitation to interpret the Supreme Court's opinion
27  Kontrick v. Ryan in a manner which either softens the Ninth Circuit's strict application of the Rule
    4007(c) bar date or opens it up to additional forms of equitable devices, considering the Court
    declined to address the application of equitable exceptions in that case.  Kontrick, 540 U.S. at 457
28  ("Whether the [bankruptcy] Rules, despite their strict limitations, could be softened on equitable
    grounds is therefore a question we do not reach.").

6

CASE NO. 5:09-cv-05831 EJD
ORDER AFFIRMING DECISION OF BANKRUPTCY COURT

United States District Court

For the Northern District of California

1    presented the 'unique' or 'extraordinary' circumstances necessary to support the limited equitable

2    relief available and defeat a strict application the Rule 4007(c) bar date, not whether Appellant could

3    ultimately prove that the bar date should be tolled.  This is the only interpretation of the proceedings

4    below that comports with the relevant authority such as it is.  The bankruptcy court could not have

5    entertained Appellant's request in any other way, and certainly did not have to wait for a summary

6    judgment motion to make that decision.[3]

7         On the more-appropriately framed issue, the bankruptcy court determined that Appellant did

8    not establish a basis for application of equitable relief under the 'unique' or 'extraordinary'

9    circumstances standard.  This court agrees.

10        As already detailed above, Kolb was apparently informed by advisory counsel that the

11   bankruptcy court would accept his adversary complaint for filing by facsimile.  This proved to be

12   untrue, although Kolb was not made aware of this misstatement until the deadline date.  He was

13   unable to file the complaint electronically and did not reach the courthouse in time to file the

14   complaint in person.  Kolb's final option - an after-hours drop box - was also not viable because the

15   bankruptcy court did not allow for drop box filing.  Kolb apparently believed the drop-box was

16   available after reviewing a website he believed was that of the bankruptcy court, but was actually

17   that of the district court.

18        The facts presented here are notably distinguishable from those finding justifiable 'unique'

19   or 'extraordinary' circumstances.  For example, in In re Anwiler, the court held that two inconsistent

20   notices issued by the bankruptcy court under 11 U.S.C. § 341, both of which appeared valid, could

21   support an equitable extension of the 4007(c) deadline. 958 F.2d at 929.  Inconsistent notices sent by

22   the bankruptcy court was also the underlying problem in Schreiber v. Halstead (In re Halstead), 158

23   B.R. 485 (B.A.P. 9th Cir. 1993) and Leisure Development Inc. v. Burke (In re Burke), 95 B.R. 716

24   (B.A.P. 9th Cir. 1989).  The district court case cited by Appellant, Tiffany & O'Shea, LLC v. Schrag

25   (In re Schrag), 464 B.R. 909 (D. Or. 2011), involves a technical malfunction with the bankruptcy

26   _____

27        [3] On a related point, it should be noted that Respondent ran the risk of waiving the right to
     rely on the Rule 4007(c) bar date if he waited to long to raise it.  See Kontrick, 540 U.S. at 456 ("[A]
28   claim-processing rule, on the other hand, even if unalterable on a party's application, can
     nonetheless be forfeited if the party asserting the rule waits too long to raise the point.")

CASE NO. 5:09-cv-05831 EJD
ORDER AFFIRMING DECISION OF BANKRUPTCY COURT

1    court's electronic filing system.

2         Although Appellant attempts to argue otherwise, the scenario which led to the untimely

3    filing of Appellant's adversary complaint had nothing to do with some action or malfunction of the

4    bankruptcy court.  Appellant's decision to wait until the deadline to attempt to file the complaint was

5    obviously not something imposed by the bankruptcy court.  Moreover, the misinformation about the

6    availability of fax filing was not provided by the bankruptcy court, and Kolb was not misled by the

7    court to believe he could electronically file the complaint.

8         The only portion of Appellant's explanation which remotely involves the bankruptcy court is

9    Kolb's admission that he mistakenly relied on the district court's website instead of the bankruptcy

10   court's website in exploring the possibility of an after-hours drop box.  Specifically, Kolb stated in a

11   declaration that he "never intentionally entered the website for federal district court, and was

12   somehow led to that webpage from the bankruptcy court's website."  But even this statement does

13   not reveal how the bankruptcy court could have possibly misled Kolb to an incorrect webpage.

14   Although these facts may not mattered in the end, Kolb did not include a description of the webpage

15   that led him to the incorrect information or indicate what about it caused him to end up on the wrong

16   website.  Really, all that is revealed by this declaration is that, through means which still remain

17   mysterious, Kolb "somehow" landed on the website for the district court.  In light of a standard

18   which requires something 'unique' or 'extraordinary' in the context of explicit misdirection by the

19   court itself, this explanation certainly falls short of the mark.

20        What occurred here is better characterized in the same way as the bankruptcy court found it:

21   neglect.  This characterization is fatal to Appellant's attempt to redeem his adversary complaint

22   because neglect, even if excusable, has been consistently rejected as a basis to extend the bar date.

23   See Schunk v. Santos (In re Santos), 112 B.R. 1001, 1008 (B.A.P. 9th Cir. 1990) ("The Panel has

24   consistently held that there is no discretion to enlarge the time periods at issue on the basis of

25   excusable neglect when the request is made after the time period has expired.").  This court also

26   rejects it as an allowable reason to allow for Appellant's untimely filing.

27        Without a basis for equitable relief, the remaining question is whether Appellant's adversary

28   complaint was properly dismissed pursuant to FRBP 12(b) and FRCP 12(b)(6).  On its face, the

United States District Court
For the Northern District of California

8

1   complaint discloses that it was filed one day after the bar date.  The bankruptcy court, therefore, did

2   not err in granting Respondent's motion to dismiss.[4]  See Jablon v. Dean Witter & Co., 614 F.2d

3   677, 682 (9th Cir. 1980).  It also did not abuse its discretion in dismissing the complaint with

4   prejudice.  Miller v. Rykoff-Sexton, 845 F.2d 209, 214 (9th Cir. 1988) ("A motion for leave to

5   amend may be denied if it appears to be futile or legally insufficient.").[5]

6                                    **IV.   DISPOSITION**

7          The order of the bankruptcy court is AFFIRMED.  The clerk shall close this file.

8

9   **IT IS SO ORDERED.**

10

11  Dated:  September 20, 2012                      

12                                                  EDWARD J. DAVILA
                                                    United States District Judge

13

14

15

16

17

18

19

20

21

22

23

24

25          [4] The fact that the bankruptcy court analyzed the substantive issue of equitable tolling is of
26  no moment since this court reviews the correctness of the result, not the reasoning.  See City of Las
    Vegas v. Clark County, 755 F.2d 697, 701 (9th Cir. 1985).

27          [5] The court does not address Appellant's argument for equitable estoppel because it was not
28  raised before the bankruptcy court and appears for the first time in Appellant's opening brief.  See
    Smith v. Marsh, 194 F.3d 1045, 1052 (9th Cir. 1999).

                                              9